[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-15009

_____

D.C. Docket No. 1:08-cv-00065-WLS

TROY P. CRUMBLEY,

Plaintiff - Appellee,

versus

KEVIN ROBERTS,
Warden,

Defendant – Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(March 6, 2015)

Before MARCUS and JILL PRYOR, Circuit Judges, and HINKLE,* District Judge.

_____

* Honorable Robert L. Hinkle, United States District Judge for the Northern District of Florida, sitting by designation.

PER CURIAM:

Kevin Roberts, the former warden of Calhoun State Prison, appeals the denial of his motion for summary judgment in this 42 U.S.C. § 1983 action brought by Troy Crumbley, a former inmate at Calhoun. Crumbley alleges a violation of the Eighth Amendment on the ground that Roberts was deliberately indifferent to violent conditions at Calhoun and those conditions gave rise to an attack on Crumbley by other inmates. Roberts argues that he is entitled to dismissal of the claims against him based on qualified immunity because there is insufficient evidence to show an Eighth Amendment violation. He also argues that the district court improperly applied the law of the case in reaching its decision on his motion for summary judgment. After careful review, we affirm.

I.

We previously addressed a similar argument by Crumbley's co-plaintiff in this action, the executor of the estate of John Bradford, a Calhoun inmate who was stabbed to death by another inmate on July 5, 2006—one week before the attack on Crumbley. We reversed the district court's grant of summary judgment in Roberts's favor because reasonable jurors could debate whether he was deliberately indifferent to the dangerous prison environment in which Bradford was confined and whether those conditions caused the attack. *Bugge v. Roberts*, 430 Fed. App'x 753 (11th Cir. 2011). Following our remand to the district court,

2

the remaining parties conducted additional discovery, and the claim by Bradford's executor was settled. The district court then granted summary judgment on Crumbley's claim in favor of all defendants except Roberts. Roberts timely appealed.

## II.

Before reaching the substance of this appeal, we must first address our jurisdiction. Crumbley argues that under *Johnson v. Jones*, 515 U.S. 304, 313 (1995), we lack jurisdiction in this case because Roberts's appeal concerns factual issues. Roberts also raises a legal issue, however: whether the district court properly applied the law of the case when ruling on qualified immunity. We therefore have jurisdiction over this appeal, even though it also contains factual issues. *See Behrens v. Pelletier*, 516 U.S. 299, 313 (1996); *Cottrell v. Caldwell*, 85 F.3d 1480, 1485 (11th Cir. 1996) ("[A]s clarified by *Behrens*, *Johnson* does not affect our interlocutory jurisdiction in qualified immunity cases where the denial is based even in part on a disputed issue of law.").

## III.

Next we consider whether the district court properly applied the law of the case in ruling on Roberts's claim of qualified immunity. We review *de novo* a district court's application of the law of the case doctrine. *Transamerica Leasing, Inc. v. Inst. of London Underwriters*, 430 F.3d 1326, 1331 (11th Cir. 2005). We

3

conclude that the law of the case is inapplicable here because the facts are different than those at issue in *Bugge*. *See Jackson v. Ala. State Tenure Comm'n*, 405 F.3d 1276, 1283 (11th Cir. 2005). As we acknowledged in our prior opinion, Roberts left his post at Calhoun on July 2, 2006, three days before the attack on Bradford. The attack on Crumbley happened a week after Bradford's murder, during which time the new warden instituted certain reforms (including conducting two prison shakedowns, instituting a temporary prison-wide lockdown, and enforcing bunk assignments). The record on this appeal contains new evidence developed in discovery following our remand of the case. Accordingly, the district court incorrectly held that it was bound by *Bugge* to deny Roberts qualified immunity. This does not end our inquiry, however, as we "may affirm [a district court] for any reason supported by the record, even if not relied upon by the district court." *United States v. Chitwood*, 676 F.3d 971, 975 (11th Cir. 2012).

## IV.

We review *de novo* a district court's ruling on a motion for summary judgment. *Kingsland v. City of Miami*, 382 F.3d 1220, 1225 (11th Cir. 2004). Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We view the evidence in the light most favorable to the non-movant and "resolve all reasonable doubts about the facts in favor of the non-movant."

*Kingsland*, 382 F.3d at 1226.  Roberts claims that he is entitled to qualified immunity because Crumbley cannot prove a constitutional violation.  In *Bugge*, we held a reasonable jury could conclude that Roberts violated Bradford's Eighth Amendment rights as a result of his deliberate indifference to the dangerous conditions that caused Bradford's death.  430 Fed. App'x at 761.  Although that holding is not binding on us here, we cannot conclude that the circumstances of Bradford's attack are so different from Crumbley's as to warrant judgment as a matter of law on the latter claim but not the former.  Despite the remedial actions that prison officials took following Bradford's murder, the record evidence is in conflict regarding whether those actions were sufficient to reduce the level of violence in the prison.  A reasonable jury could find that the dangerous conditions that existed under Roberts caused the attack on Crumbley a mere ten days after Roberts's departure.

Because there is a genuine dispute of fact as to whether Roberts violated Crumbley's constitutional rights, and because these rights were clearly established at the time of the violation, *see Farmer v. Brennan,* 511 U.S. 825, 828 (1994), Roberts is not entitled to qualified immunity.  We affirm the district court's denial of Roberts's motion for summary judgment.

**AFFIRMED.**

5